# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WATERBRIDGE HOLDINGS LLC and WATERBRIDGE TEXAS OPERATING LLC, *et al.*,<br><br>Plaintiffs,<br><br>*vs*.<br><br>PETRO GUARDIAN LLC,<br><br>Defendant. | ) | Case No. 6:25-CV-433-JAR |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand, which seeks the return of this action to the District Court of Hughes County, Oklahoma. [Dkt. 8]. Defendant Petro Guardian LLC ("Petro Guardian") opposes the motion. [Dkt. 10]. Plaintiffs contend removal was procedurally defective because Petro Guardian did not pay the filing fee by the deadline the Court set. Because late payment of the filing fee does not render an otherwise proper removal defective, and because the fee was paid before Plaintiffs moved to remand, the motion is DENIED.

## I. BACKGROUND

Plaintiffs filed this action in the District Court of Hughes County on September 24, 2025. [Dkt. 2-4]. Petro Guardian accepted service of the petition on November 14, 2025, [Dkt. 8-1], and filed its Notice of Removal in this Court on November 26, 2025, Dkt. 2], but did not then pay the filing fee. Under LCvR 3.2 and the Court Clerk's minute order, the fee was due by December 3, 2025. [Dkt. 3]. When the fee was not paid by that date, the Court entered an Order to Show Cause requiring Petro

Guardian to respond in writing by December 15, 2025, and providing that "the payment of the filing fee by the date specified will satisfy the requirement for the filing fee of the show cause report in writing." [Dkt. 6 at 1 (emphasis omitted)]. Petro Guardian paid the fee on December 8, 2025. [Dkt. 8-3]. Plaintiffs filed the present motion on December 24, 2025. [Dkt. 8].

## II. DISCUSSION

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). The procedure for removal is prescribed by 28 U.S.C. § 1446. The removing defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant," *id.* § 1446(a), within thirty days after receiving the initial pleading "through service or otherwise," *id.* § 1446(b)(1). "Promptly after the filing of such notice," the defendant must give written notice to all adverse parties and file a copy of the notice with the state-court clerk, "which shall effect the removal." *Id.* § 1446(d). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quotation omitted).[1] Such a defect, however, "does not involve the subject matter jurisdiction of the court and

[1] Plaintiffs attribute similar language to *Springer v. Hustler Magazine*, 198 F.3d 258 (10th Cir. 1999) (unpublished table decision). [Dkt. 8 at 3 & n.12]. The quoted principle derives from *Huffman*, 194 F.3d at 1077. *Springer* concerned an untimely notice of removal and does not address payment of the filing fee.

may be waived," *id*., and a motion to remand on that basis "must be made within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c). Removal statutes "are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted); *see also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093-95 (10th Cir. 2005).

Plaintiffs do not challenge the Court's subject-matter jurisdiction,[2] and their motion, filed within thirty days after removal, is timely under § 1447(c). They argue that removal was defective because Petro Guardian did not pay the filing fee by December 3, 2025, and that removal "is not complete merely upon the filing of papers." [Dkt. 8 at 3]. Petro Guardian responds that it paid the fee within the time allowed by the Show Cause Order, that the alleged defect therefore no longer exists, and that the motion is moot. [Dkt. 10 at 1-3]. The issue is better framed not as one of mootness, but as whether late payment of the filing fee renders a timely removal defective under § 1447(c). The Court concludes that it does not.

Petro Guardian complied with the requirement of § 1446. It filed its Notice of Removal twelve days after accepting service, well within the thirty-day period of § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Plaintiffs concede that the notice was timely, [Dkt. 8 at 1, 3], and they identify no deficiency in its content or in the notices required by § 1446(d). The

[2] Although Plaintiffs raise no jurisdictional challenge, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Petro Guardian invoked diversity jurisdiction under 28 U.S.C. § 1332. [Dkt. 2 at 2]. Having reviewed the Notice of Removal, the Court is satisfied that it adequately alleges the citizenship of each member of every limited liability company party, *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015), and an amount in controversy exceeding $75,000.

authorities on which Plaintiffs rely address the deadline for filing a notice of removal, a requirement Petro Guardian satisfied. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986); *Denny v. Ill. Nat'l Ins. Co.*, No. 10-CV-676-CVE-TLW, 2010 WL 5141656, at *1 (N.D. Okla. Dec. 13, 2010) (citing *Carroll v. City of Albuquerque*, No. 10-CV-588-JB-ACT, 2010 WL 4339255, at *4 (D.N.M. Oct. 13, 2010)).

Nor does § 1446 condition removal on payment of the filing fee. The statute identifies the acts that "effect the removal": filing the notice in federal court, giving written notice to all adverse parties, and filing a copy of the notice with the state-court clerk. 28 U.S.C. § 1446(d); *see Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x 496, 505 (10th Cir. 2010) (unpublished). Payment of a fee is not among them. The fee obligation arises instead under 28 U.S.C. § 1914, which requires the clerk to collect a fee from parties instituting an action "by original process, removal or otherwise," *id.* § 1914(a), and permits the Court to require advance payment by rule, *id.* § 1914(c). This Court's rule requires payment within seven days of filing "[e]xcept as provided in LCvR 3.3, 3.4, 3.5, or by order of the Court in a specific case," and it supplies its own consequence for nonpayment: the action is "subject to immediate dismissal without prejudice to refiling." LCvR 3.2. Neither the statute nor the rule makes remand the remedy for late payment, and the rule that removal statutes are strictly construed does not permit the Court to add a requirement Congress did not enact. The Supreme Court reached the same conclusion in the analogous context of a notice of appeal, holding that the clerk's timely receipt of the notice satisfied the statute and that "untimely payment of the [filing] fee did not vitiate the validity of

the petitioner's notice of appeal." *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955) (per curiam); *see also Washburn v. Santa Fe Tow*, 164 F. App'x 740, 741-42 & n.1 (10th Cir. 2006) (unpublished) (rejecting argument that removal was defective because the filing fee was not prepaid and observing that "[i]t is not necessary to physically pay the fee before filing the document in order to comply with the rules").

Even if late payment were regarded as a defect in removal procedure, it would not warrant remand. A de minimis procedural defect does not require remand and is curable "either before or after expiration of the thirty-day removal period." *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011). In *Countryman*, the Tenth Circuit declined to order remand where the defect was minor and had been cured, the plaintiff "was not prejudiced by the omission," and the district court's "ability to proceed with the case [was not] materially impaired." *Id.* at 1273. The same is true here. Petro Guardian paid the fee five days after the LCvR 3.2 deadline, within the time allowed by the Order to Show Cause, within the thirty-day removal period itself, and before Plaintiffs filed their motion. [Dkt. 4; Dkt. 6; Dkt. 8; Dkt. 8-3]. Plaintiffs identify no prejudice resulting from the delay, and none is apparent: the fee is owed to the Court, not to Plaintiffs, and the Court's ability to proceed was never impaired.

Finally, because Petro Guardian paid the filing fee before December 15, 2025, it has satisfied the Order to Show Cause by the order's own terms. [Dkt. 6]. The Court therefore need not decide whether the Order to Show Cause modified the LCvR 3.2 deadline under LCvR 1.2(c), as Petro Guardian contends. [Dkt. 10 at 2-3].

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Dkt. 8] is **DENIED**.

IT IS FURTHER ORDERED that the Order to Show Cause [Dkt. 6] is **DISCHARGED**.

DATED this 26th day of October, 2026.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE